UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIM AHMAD SWEDAN,

                Petitioner,                    CIVIL ACTION NO. 08-14639
                                                  CRIMINAL NO.    02-90009

vs.

                                                    DISTRICT JUDGE MARIANNE O. BATTANI
                                                    MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

                Respondent.

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied, as Petitioner has shown no violations of his federal constitutional rights resulting from alleged defects in the superceding indictment, or ineffectiveness of trial or appellate counsel.

                                  *     *     *

       Petitioner, currently a prisoner at the Federal Correctional Institute at Fort Dix, New Jersey, filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on October 31, 2008, challenging the validity of his underlying federal convictions. Petitioner was convicted following a jury trial in December 2003, in the United States District Court for the Eastern District of Michigan.  He was convicted of conspiracy to possess and distribute ephedrine and possession and distribution of  ephedrine, knowing, or having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation 21 U.S.C. §§ 841(c)(2) and 846.  Petitioner

was sentenced to 240 months imprisonment. The convictions were later affirmed by the Sixth Circuit Court of Appeals on July 23, 2005, but the case was remanded for re-sentencing, based on the holding of United States v. Booker, 543 U.S. 220 (2005). The trial court re-sentenced Petitioner to 180 months, and that sentence was affirmed on appeal on October 25, 2007.

In his Motion to Vacate, Petitioner raises the following three claims:

1.      The superseding indictment underlying his conviction was defective.

2.      His right to effective assistance of counsel was violated.

3.      He was actually innocent.

The Respondent filed an answer to the Motion to Vacate, on May 26, 2009, contending that since Petitioner had not challenged the superceding indictment at trial or on direct appeal, he had waived this claim and could not seek habeas relief on this issue. Respondent also maintained that Petitioner had not been denied the effective assistance of counsel. Petitioner filed a reply to Respondent's answer on June 22, 2009, essentially reiterating the allegations found in his Motion to Vacate.

Section 2255 provides that in, an action to vacate or correct the sentence, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ." The undersigned is persuaded that there is no merit to the Petitioner's assertion that his convictions resulted from incompetent advice of counsel, and that an evidentiary hearing is not necessary.

<u>FAILURE TO CONTEST SUPERSEDING INDICTMENT ON DIRECT APPEAL</u>

Petitioner brings this motion pursuant to 28 U.S.C.§ 2255.[1]  As a general rule, a person seeking to challenge a conviction or sentence must raise all appealable issues on direct appeal, and may not use a § 2255 motion as a substitute for a direct appeal.  <u>United States v. Timmreck</u>, 441 U.S. 780, 783 (1979) (§ 2255 motion shall not be permitted "to do service for an appeal"). If the issue has not been raised on direct appeal, Petitioner cannot raise the issue in a section 2255 motion unless he establishes cause excusing the default and actual prejudice.  <u>United States v. Frady</u>, 456 U.S. 152, 167-168 (1982); <u>Ratliff v. United States</u>, 999 F.2d 1023, 1025 (6th Cir. 1993).

Petitioner concedes that he did not raise a challenge to the superceding indictment on direct appeal to the Sixth Circuit, but blames the omission on the ineffective assistance of counsel[2].  Petitioner has not stated any other reason for the failure to raise the objection to the superceding indictment before the trial judge prior to sentencing, or before the Circuit Court of Appeals later on appeal.  For the reasons stated below, I conclude that his claim

---

[1]28 U.S.C. § 2255 provides a remedy to those in federal custody by allowing a collateral attack upon their sentence after conviction. The statute states in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2]See Petitioner's Reply to the Government's Answer to **§** 2255 motion at page 3.

3

of ineffective assistance of counsel is without merit, and that he has failed to demonstrate sufficient cause for his failure to challenge the indictment sooner.  United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).  Furthermore, the sufficiency of an indictment is not subject to attack in a habeas corpus proceeding or by motion to vacate sentence under § 2255.  Bush v United States, 347 F.2d 231 (6th Cir. 1965).

INEFFECTIVE ASSISTANCE OF COUNSEL

Typically, ineffective assistance of counsel claims are not cognizable on direct appeal.  United States v. Gonzales, 929 F.2d 213, 215 (6th Cir. 1991); United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir. 1989) ("This court will not review an ineffective assistance of counsel claim raised for the first time on appeal.").  The customary procedure followed in this situation within the Sixth Circuit is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255.  United States v. Castro, 908 F.2d 85, 89 (6th Cir. 1990) ("Although it strongly appears that defendant Rocha was not denied effective assistance of counsel, this court declines to consider the claim of ineffective assistance of counsel for the first time on appeal.  The defendant may properly raise this issue in a motion to the district court pursuant to 28 U.S.C. § 2255.").

Petitioner argues that all six of his attorneys were ineffective.  He asserts that the two attorneys he retained before trial were ineffective because neither of them objected to the superceding indictment. Petitioner claims that a factual error occurred when the superceding indictment listed the chemical he was charged with possessing as Ephedrine, when it was actually pseudoephedrine.  He also maintains that the superceding indictment did not state which controlled substance was to be manufactured with the chemical.

4

Petitioner asserts that his trial attorney was ineffective for not filing a Rule 29 motion to dismiss the case. He insists that his two attorneys at sentencing were also ineffective for failing to recognize the difference between ephedrine and pseudoephedrine. Petitioner states that his appellate attorney was ineffective for failing to challenge the indictment on direct appeal.

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorneys made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom. Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

The Petitioner has not met his burden here, and, upon review, I am persuaded that he has failed to show any serious errors in, or prejudice resulting from, his attorney's performance. Petitioner was indicted, and later convicted, of possession and distribution of a listed chemical that he knew, or should have known, would be used to manufacture a controlled substance. The Superceding Indictment identified the chemical as "ephedrine,

a List I chemical." The chemical possessed by Petitioner was sent to a Drug Enforcement Administration (DEA) laboratory for analysis. A chemical analysis revealed that the active drug ingredient was l-Ephedrine Hydrochloride. When the laboratory determined that the substance in question was ephedrine hydrochloride, Petitioner's defense attorney properly stipulated that it was a listed chemical that could be manufactured into a controlled substance.

Any objection by counsel to the sufficiency of superceding indictment would have been futile. Ephedrine clearly is a List I precursor chemical. In order to successfully attack an indictment, it must be so defective on its face "that by no reasonable construction could it be said to charge the offense." Stegall v. United States, 153 F.Supp 844, 847 (W.D. Ky. 1957). This Petitioner has identified no defect in the charging document. The superceding indictment provided Petitioner with proper notice

of the charges against him. Moreover, given the DEA laboratory analysis of the chemical found in Petitioner's possession, counsel had no basis upon which to challenge the sufficiency of the true bill (See Appendix, p.57).

Contrary to Petitioner's assertion, William Glenn, his trial counsel, was not ineffective for failing to petition the court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. In order to prevail on such a motion, the defendant must establish that a conviction would result in a manifest miscarriage of justice. United States v. Price, 134 F.3d 340, 350 (6th Cir. 1998). A miscarriage of justice exists if the record is devoid of evidence pointing to guilt. United States v. Mack, 159 F.3d 208, 216 (6th Cir. 1998). Petitioner has not demonstrated that his trial attorney's failure to move for acquittal, pursuant to Rule 29, resulted in a miscarriage of justice. The record was clearly not devoid

**6**

of evidence pointing to guilt, since laboratory analysis found that the substance found in Petitioner's possession was ephedrine, a listed chemical that could be manufactured into a controlled substance. A Rule 29 motion would have been unsuccessful. The jury was advised of the circumstances surrounding Petitioner's contact with the charged chemical and determined that the scienter element of the charged offenses had been proven beyond reasonable doubt. The Circuit Court of Appeals affirmed their determination, finding "more than sufficient evidence in the record to support the guilty verdicts." (See Appendix, p. 59).

The Constitution guarantees an indigent defendant the effective assistance of counsel on a first appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). While the accused has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to take an appeal or act as his own advocate, appointed counsel on the appeal as of right does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. Jones v. Barnes, 463 U.S. 745 (1983). Under the facts of this case, it was certainly not ineffective assistance that appellate counsel elected not to challenge the sufficiency of the superceding indictment.

As appellate counsel probably knew, any challenge to the superceding indictment would have been futile. Petitioner has failed to rebut the strong presumption that his attorneys' actions were the product of a sound trial strategy. Strickland v. Washington, 466 U.S. at 689. Accordingly, Petitioner's claim that he was denied the effective assistance of trial and appellate counsel should be rejected, as he has shown no prejudice resulting from the alleged errors. Furthermore, Petitioner has failed to present any new evidence establishing his "actual innocence", as would be necessary to allow this Court to review his defaulted claim on collateral review.

7

For all the foregoing reasons, I recommend that the Motion to Vacate, Set Aside, or Correct Sentence be denied.  The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Battani's acceptance thereof is waived.


s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 31, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 31, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 31, 2009: **Ibrahim Swedan.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

8