**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,,

        Plaintiff/Respondent,

v.

IBRAHIM AHMAD SWEDAN

        Defendant/Petitioner.

_____/

Civil Case Number: 08-14639
Criminal Number: 02-90009

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

Before the Court are Petitioner Ibrahim Ahmad Swedan's Objections to the Magistrate Judge's Report and Recommendation ("R&R") that this Court deny Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 231, see docs. 205, 224).  For the reasons discussed below, the Magistrate Judge's R&R is adopted and Petitioner's Motion to Vacate is denied.

In December 2003, a jury found Swedan guilty of both conspiring to possess and distribute ephedrine and possessing and distributing ephedrine while knowing or having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841(c)(2) and 846.  He was originally sentenced to 240 months' imprisonment.  The Court of Appeals affirmed Swedan's

convictions, but remanded the case for resentencing based on the holding of <u>United States v. Booker</u>, 543 U.S. 220 (2005). Swedan was resentenced to 180 months' imprisonment, and the Court of Appeals affirmed this sentence.

In his Motion to Vacate, Swedan challenged his conviction and imprisonment on three grounds:

(1) he was actually innocent of the offense for which he was convicted;

(2) his indictment was fatally defective because it charged that he possessed ephedrine when the evidence showed that the chemical was pseudoephedrine;[1] and

(3) his counsel were not effective because they failed to investigate the facts of the case and discover that he had possessed pseudoephedrine, not ephedrine as the indictment charged; this would have allowed his counsel to challenge the indictment and file a Rule 29 motion.

The Magistrate Judge recommended that this Court deny Swedan's Motion to Vacate. In particular, the Magistrate Judge concluded that Swedan failed to establish an ineffective assistance of counsel claim because his counsel was not ineffective for failing to challenge the indictment's listing of ephedrine, instead of pseudoephedrine, when a laboratory analysis found that the substance found in Swedan's possession was ephedrine. Furthermore, Swedan cannot now challenge the sufficiency of the indictment because he did not raise this challenge on direct appeal and, as he has not shown that his counsel was not ineffective, he has not shown cause excusing the default or actual prejudice.

---

[1] Like ephedrine, pseudoephedrine is a "List I chemical," the possession or distribution of which, with knowledge or reason to believe that the chemical will be used to manufacture a controlled substance, is illegal. <u>See</u> 21 U.S.C. § 841(c)(2) and 21 C.F.R. § 1310.02(a)(3) and (11).

2

Swedan filed the following four objections to the Magistrate Judge's R&R:

(1) that he did not procedurally default the challenge to his indictment because his ineffective counsel prevented him from raising the challenge earlier;

(2) that his attorneys were ineffective for relying on the DEA's lab analysis showing the chemical to be ephedrine in light of the testimony indicating that the substance was pseudoephedrine;

(3) that he does not need to show cause for his procedural default because the evidence that the chemical involved pseudoephedrine shows that he is actually innocent; and

(4) that the Government's response to his Motion to Vacate should not have been considered because it was time barred.

## II. STANDARD OF REVIEW

As an initial matter, the Court notes that *pro se* pleadings, such as Swedan's, are to be liberally construed. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992).

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a Magistrate Judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

3

## III. ANALYSIS

The Court will first address Swedan's objection to the Court's consideration of the Government's response to his Motion to Vacate, followed by his objection relating to his claim of ineffective assistance of counsel. The Court will then address his objection relating to the sufficiency of the indictment and his claim of actual innocence.

### 1. Government's Allegedly Untimely Response

Swedan objects that the Government's May 26, 2009, Response to his Motion to Vacate was untimely and, therefore, should not have been considered. Swedan is correct that the response was untimely. On April 17, 2009, the Government filed a Motion for Extension of Time to File Responsive Pleading. The Magistrate Judge granted this motion on April 20, 2009, and required that the response be filed by May 20, 2009. Although the response was filed six days late, consideration of it was a matter within the discretion of the Magistrate Judge. The Court finds that the Magistrate Judge did not abuse its discretion in considering the Government's response. Accordingly, this objection does not provide a ground for rejecting the Magistrate Judge's R&R.

### 2. Ineffective Assistance of Counsel

Swedan objects that his counsel was ineffective for relying on the Drug Enforcement Agency ("DEA") laboratory analysis finding that the chemical was ephedrine because there was testimony that the chemical was pseudoephedrine. He contends that his attorneys should have consulted an independent chemist.

To show that a defendant was denied the effective assistance of counsel under federal constitutional standards, the defendant must satisfy the two-prong test set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

In order to prove deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690.

To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." McQueen v. Scroggy, 99 F.3d 1302, 1311-12 (6th Cir. 1996), overruled on other grounds by Abdur'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004).

As the Magistrate Judge concluded, Swedan has failed to show that his counsel rendered ineffective assistance by failing to challenge the indictment.  In general, an indictment is sufficient so long as it sufficiently specifies the charges against the defendant and does not fail to state an offense.  See United States v. Debrow, 346 U.S. 374, 376 (1953); United States v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999). Swedan contends that his counsel should have gotten an independent chemist to test the chemicals to determine if they were ephedrine or pseudoephedrine, but this would have no bearing upon whether the allegations contained within the indictment were sufficient.

Likewise, such an independent test — even assuming that it supported Swedan's claim that the chemical at issue was pseudoephedrine — would not have provided sufficient grounds for a successful motion under Federal Rule of Criminal Procedure 29. Such motions are only granted where "the evidence is insufficient to sustain a conviction."  FED. R. CRIM. P. 29(a).  This requires the Court to examine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Grubbs, 506 F.3d 434, 438 (6th Cir. 2007).  As the DEA lab report indicated that the chemical found in Swedan's possession was ephedrine, there was sufficient evidence for a rational trier of fact to have found the essential elements of the crime, and any Rule 29 motion would have failed.  See id.  For the same reasons, any appellate challenge to the sufficiency of the indictment also would have been futile.

Furthermore, even if Swedan could show that his counsels' performance was deficient, he has not shown "there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different."  Strickland, 466

U.S. at 694. The DEA lab report concluded that the substance was ephedrine, and Swedan has not presented any new evidence indicating that the DEA lab report misidentified the chemical. Accordingly, Swedan has not shown that there is a reasonable probability that the result of the proceeding would have been different if his counsel had gotten an independent chemist to identify the chemical. Thus, Swedan's ineffective assistance of counsel claim fails.

### 3. Deficient Indictment

As the Magistrate Judge noted, motions seeking to collaterally challenge a conviction or sentence under 28 U.S.C. § 2255 may generally only raise issues that were presented in the petitioner's direct appeal. See United States v. Timmreck, 441 U.S. 780, 783 (1979). In order to raise an issue not presented in the petitioner's direct appeal, the petitioner must show both cause excusing the procedural default and actual prejudice from the complained-of errors. See United States v. Frady, 456 U.S. 152, 167-68 (1982).

Swedan's counsel never challenged the indictment either at trial or on appeal. As the Court's preceding analysis showed, however, this was not the result of ineffective assistance of counsel. Therefore, Swedan has not shown cause excusing the failure to raise the issue. Likewise, Swedan also has not made any showing of actual prejudice. Accordingly, he has procedurally defaulted this issue and may not raise it in this collateral attack under 28 U.S.C. § 2255. See id.

### *4. Actual Innocence*

Swedan also contends that he is actually innocent because he possessed pseudoephedrine, not ephedrine, and because he did now know that the chemical he possessed was going to be used to make a controlled substance.

A petitioner may present procedurally defaulted claims — such as Swedan's defective indictment claim — in a collateral proceeding if he can establish that the alleged error resulted in the conviction of one who is "actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998). In order to make such a showing, the petitioner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (quotations omitted).

Swedan has not made such a showing. In essence, he argues that the testimony at trial generally indicated that the drug he possessed was pseudoephedrine and that the DEA lab analysis finding the chemical to be ephedrine should not be relied upon. As already discussed, however, he has not shown that the lab report was inaccurate. Furthermore, Swedan was convicted by a jury following the trial at which all of the evidence was presented. Accordingly, the Court does not find that "it is more likely than not that *no* reasonable juror would have convicted him." Id. (emphasis added). Thus, Swedan's actual innocence claim fails.

## IV. CONCLUSION

Accordingly, for the reasons discussed, the Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Swedan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

Dated: April 6, 2010

**CERTIFICATE OF SERVICE**

    Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and electronic filing.

                                        s/Bernadette M. Thebolt
                                        Case Manager